# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CYNTHIA GRIFFITH, dependent
of JAMES GRIFFITH (deceased),
Claimant Below, Petitioner**

**FILED
February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 25-ICA-357**          (JCN: 2017006796)

**ALPHA NATURAL RESOURCES, INC.,
Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Cynthia Griffith, dependent spouse of James Griffith (deceased), appeals the August 8, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Alpha Natural Resources, Inc. ("Alpha") timely filed a response.[1] The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected Mrs. Griffith's application for fatal dependent's benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Griffith was seen by Kelly Pitsenbarger, M.D., on January 4, 2016, and assessed with chronic atrial fibrillation, bronchopneumonia, and essential (primary) hypertension. Mr. Griffith followed up with Dr. Pitsenbarger on November 15, 2016, at which time he was assessed with stage five chronic kidney disease, paroxysmal atrial fibrillation, and hyperthyroidism.

On February 16, 2016, Mr. Griffith was seen by Charles Porterfield, D.O. Mr. Griffith presented to Dr. Porterfield with shortness of breath and fatigue and was diagnosed with diaphragmatic paralysis and restrictive lung disease. On July 14, 2016, Mr. Griffith underwent an x-ray of the chest, which revealed simple pneumoconiosis, mild cardiomegaly, plate-like atelectasis, and thickening of the minor fissure.

---

[1] Mrs. Griffith is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Alpha is represented by Alysia Kozlowski, Esq.

1

In findings dated March 28, 2017, the Occupational Pneumoconiosis Board ("OP Board") found sufficient evidence to justify a diagnosis of occupational pneumoconiosis ("OP") with 20% pulmonary function impairment attributable to the disease. The OP Board found that Mr. Griffith was a sixty-nine-year-old underground miner, electrician, and face operator for twenty-five years, a surface coal miner for twenty years, and a maintenance worker at a correctional center for three months, who was exposed to a dust hazard for forty-five years with sufficient exposure to have caused OP or to have perceptibly aggravated a preexisting OP. The x-ray evidence revealed a mild degree of nodular fibrosis consistent with OP, thickening minor fissure, and no pleural plaque formation or pleural calcifications.

On June 28, 2017, Mr. Griffith was seen by Maria Boustani, M.D., at Rheumatology and Pulmonary Clinic, PLLC. An x-ray of his chest revealed no acute cardiopulmonary disease, minimal pleural thickening in the horizontal fissure, and an elevated right hemidiaphragm. On July 21, 2017, Mr. Griffith underwent pulmonary function testing at Raleigh General Hospital, which revealed a severe decrease in both FEV1 and FVC with a 9% improvement in the FEV1 post bronchodilators. The FEV1 was 42% of predicted at 1.44. The DLCO was moderately decreased at 63% of predicted.

On May 23, 2019, Mr. Griffith followed up with Dr. Boustani regarding his pulmonary problems and reported that he had pneumonia in January, and that he felt as if he was still short of breath. Dr. Boustani assessed him with pneumonia, an elevated right hemidiaphragm, restrictive and obstructive lung disease with a moderate decrease in the fusion capacity, shortness of breath, hypoxemia, and obesity. Mr. Griffith was again seen by Dr. Boustani on May 31, 2019, and was assessed with consolidation and loculated pleural effusion, which Dr. Boustani opined could be cardiac, but she could not rule out the possibility of pneumonia with empyema. Mr. Griffith was admitted to Raleigh General Hospital and discharged on June 5, 2019. His discharge diagnosis included right lower lobe pneumonia, pleural effusion, status post thoracentesis, chronic diastolic heart failure, atrial fibrillation, pneumoconiosis, history of pulmonary embolism, and paralyzed right hemidiaphragm.

On September 9, 2021, Mr. Griffith underwent pulmonary function testing at New River Health Breathing Center. The interpretation of the study was severe obstruction, probably pseudo-restriction, and the DLCO was moderately reduced.

Mr. Griffith passed away on December 20, 2021. His death certificate listed the cause of death as atherosclerotic heart disease of the native coronary. An autopsy report from Logan Regional Medical Center, dated April 8, 2022, indicated that Mr. Griffith's final pathological diagnosis was simple coal workers' pneumoconiosis of the right lung with extensive adhesions to the anterior, posterior, and lateral chest wall; anthracosilicosis of bilateral perihilar lymph nodes; and a clinical history of coal mining occupation. It was opined that these findings contributed to Mr. Griffith's death.

Mrs. Griffith submitted an Application for Fatal Dependent's Benefits dated June 3, 2022. Mr. Griffith's date of death was listed as December 20, 2021. Mrs. Griffith indicated that prior to Mr. Griffith's death, he worked for Mount Olive Corrections from 2017-2021 and for Alpha from 2005-2016.

By order dated December 13, 2022, the claim administrator held the claim compensable on a non-medical basis and referred the claim to the OP Board. In findings dated May 16, 2023, the OP Board opined that OP was not a material contributing factor in Mr. Griffith's death. X-ray evidence dated March 28, 2017, revealed mild nodular fibrosis consistent with simple parenchymal OP, thickening minor fissure, and no plaque or pleural calcifications. By order dated June 30, 2023, the claim administrator found that OP was not a material contributing factor in Mr. Griffith's death and denied the application for fatal dependent benefits based on the findings of the OP Board. Mrs. Griffith protested this order to the Board.

On November 1, 2023, an initial hearing was held to take the OP Board's testimony. The OP Board radiologist, Johnsey Leef, Jr., M.D., testified that Mr. Griffith's chest x-ray dated March 28, 2017, was of good quality and showed a nodular fibrotic process through both lungs without evidence of pleural disease, consistent with simple OP. Jack Kinder, M.D., chairman of the OP Board, agreed with Dr. Leef's interpretation of the x-rays. Dr. Kinder stated that the autopsy examiner showed pneumoconiosis, and a coronary catheterization showed no significant coronary disease but severe pulmonary hypertension with a normal left ventricular function. The OP Board noted that it did not have many records in the case or much information in the file, and given the limited information available, the OP Board members opined that Mr. Griffith's death was presumptively due to pneumoconiosis.

Victor Roggli, M.D., a professor of pathology from Duke University Health System Pathology and Laboratory Services, reviewed Mr. Griffith's autopsy results and slides of tissue obtained at the autopsy, and issued correspondence dated December 3, 2024. Dr. Roggli stated that he reviewed twelve glass slides prepared from tissues obtained at the time of autopsy and found sections of lung parenchyma showed severe chronic passive congestion with numerous hemosiderin laden macrophages within the alveolar spaces. Dr. Roggli noted focal ossification and pulmonary edema. Dr. Roggli did not identify coal dust macules, micronodules, or areas of progressive massive fibrosis in any of the ten sections of lung parenchyma, and determined that sections of regional lymph nodes showed no silicotic nodules. Dr. Roggli stated that the findings in this case are diagnostic for chronic passive congestion of the lungs secondary to cardiac disease. Dr. Roggli opined that there is no histologic evidence of pneumoconiosis in this case, and that Mr. Griffith's cause of death is related to cardiac insufficiency with a contribution from pulmonary disease caused by chronic passive congestion.

On May 7, 2025, a final additional hearing was held to take the OP Board's testimony. Dr. Leef testified that based on the CT scans dated November 4, 2020, and June 4, 2019, he was not able to make a diagnosis of OP. According to Dr. Leef, CT scans are a better diagnostic modality than x-rays for diagnosing OP. Dr. Leef stated that based on the CT scans, there was evidence of some pleural disease at the right lung base with a small pleural effusion and linear bands of scarring, pleural bands at the right lung base, and elevation of the diaphragm, but that there was no evidence of a nodular fibrosis. Dr. Leef testified that the CT scans showed some coronary artery disease.

Dr. Kinder testified that he agreed with Dr. Leef's interpretation of the chest x-rays and CT scans. He recalled that the OP Board examined Mr. Griffith on March 28, 2017, and diagnosed OP and found a 20% impairment in pulmonary function. Dr. Kinder testified that since the prior hearing, the OP Board had been provided multiple medical records that they didn't consider originally. In particular, the OP Board noted that it now had many cardiology reports which revealed Mr. Griffith's moderate to moderately severe aortic stenosis and atrial fibrillation. He indicated that Mr. Griffith likely died of a cardiac arrhythmia. Dr Kinder stated that there was no presence of OP, which would correlate with Dr. Roggli's evaluation. Further, Dr. Kinder noted that Dr. Roggli is a well-known occupational pathologist who has published textbooks on the subject and his belief that Dr. Roggli's "stance" was more persuasive than the medical examiner's autopsy findings. Dr. Kinder testified that, in light of the additional medical records, CT scans, and reports from Dr. Roggli, he would not find OP to be a material contributing factor in Mr. Griffith's death. Mallinath Kayi, M.D., agreed with the statements of Drs. Leef and Kinder.

On August 8, 2025, the Board affirmed the claim administrator's order denying the application for fatal dependent's benefits. The Board found that OP was not a material contributing factor in Mr. Griffith's death and that Mrs. Griffith did not establish that the OP Board was clearly wrong. Mrs. Griffith now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mrs. Griffith argues that the Board erred in adopting the OP Board's opinion that OP was not a material contributing factor in the decedent's death. Further, Mrs. Griffith asserts that the pathologist who performed the autopsy was in the best position to determine the cause of death, and that it was against the weight of the evidence for the OP Board to rely on the findings of another pathologist who only reviewed slides of the autopsy and claimed that there was no evidence of OP. We disagree.

The standard for granting dependent's benefits "is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed in any material degree to the death." Syl. Pt. 3, in part, *Bradford v. Worker's Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991). In *Rhodes v. Workers' Comp. Div.,* 209 W.Va. 8, 17, 543 S.E.2d 289, 298 (2000), the Supreme Court of Appeals of West Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong.

Here, the Board found that OP was not a material contributing factor in Mr. Griffith's death. According to Mr. Griffith's Death Certificate, the immediate cause of his death was atherosclerotic heart disease of native coronary. Further, the Board noted that the OP Board opined that the CT scans correlated with Dr. Roggli's opinion that there was no diagnosis of OP. The Board found that Dr. Roggli's report is more persuasive than the autopsy report. Ultimately, it concluded that Mrs. Griffith did not establish that the OP Board's findings were clearly wrong.

Upon review, we conclude that the Board was not clearly wrong in finding that OP did not materially contribute to Mr. Griffith's death based on the findings of the OP Board. Further, we conclude that the Board was not clearly wrong in finding that Mrs. Griffith failed to establish that the OP Board was clearly wrong. The Board's conclusions are well supported in the record. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying Mrs. Griffith's application for fatal dependent's benefits.

Accordingly, we affirm the Board's August 8, 2025, order.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White